**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 19, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 03-1005 & 03-1232

| | |
|---|---|
| United States of America, | Appeal from the United States District Court for the Southern District of Illinois. |
| *Plaintiff-Appellee,* | |
| *v.* | No. 01 CR 30006 |
| Arthur M. Hawkins, | David R. Herndon, |
| *Defendant-* | *Judge.* |
| *Appellant.* | |

**O R D E R**

On August 14, 2003, we issued an opinion affirming the convictions of Arthur Hawkins and his co-defendant. *United States v. Pearson*, 340 F.3d 459 (7th Cir. 2003). On January 24, 2005, the United States Supreme Court granted Hawkins's petition for a writ of certiorari. *Arthur M. Hawkins v. United States*, 125 S. Ct. 1109 (2005). The Court vacated Hawkins's judgment and remanded his case to this court for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

Pursuant to Circuit Rule 54, each party then filed a statement of position as to the proper action in light of the Supreme Court's order. After considering these statements, we ordered a limited remand so that the district court could determine whether it believed Hawkins's sentence remains appropriate now that *Booker* has

relegated the United States Sentencing Guidelines to advisory status.  *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The district court judge has replied that he would impose the same sentence today knowing that the Guidelines are not mandatory.  Therefore, we will affirm the original sentence so long as it is reasonable. *See Paladino*, 401 F.3d at 484.

On June 23, 2005, we invited the parties to file any arguments concerning the appropriate disposition of the appeal in light of the district court's decision.  We have received and considered each party's submission.

In sentencing Hawkins, the district court first determined that the applicable Sentencing Guidelines range was 121 to 151 months.  It then imposed a sentence of 60 months on both counts of convictions, to run consecutively, for a total of 120 months, the statutory maximum.  We recently held that a sentence within the Guidelines range is presumptively reasonable.  *United States v. Mykytiuk*, 2005 WL 1592956, at *1 (7th Cir. July 7, 2005).  Here, because of the presence of a statutory maximum, Hawkins received a sentence even lower than that specified by the Guidelines.  The district court judge explained his belief that the sentence was required to reflect the seriousness of Hawkins's conduct, which was national in scope, and to deter further criminal conduct.  The district court judge also explained that although he considered the many letters attesting to Hawkins's character, he believed that the testimony at trial concerning the "brutal manner" in which Hawkins ran his business and his actions at the company outweighed any good deeds.  We do not think the imposed sentence should be deemed "unreasonable."  Accordingly, the judgment of the district court is AFFIRMED.